IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(KANSAS CITY DOCKET)

| | |
|---|---|
| **UNITED STATES OF AMERICA**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 09-201 35-01/02-KHV-JPO |
| ) | |
| **ARNOLDO BAZAN** ) | |
| and ) | |
| **YINI DE LA TORRE**, ) | |
| ) | |
| Defendant. ) | |
| ) | |

# INDICTMENT

The Grand Jury charges:

Introduction

At all times relevant to this indictment:

1. The Mi Ranchito restaurant chain in Johnson County, Kansas, was privately-held and offered food service to the public at each of its six locations and catering in the Kansas City metropolitan area.

2. Mi Ranchito, LLC #2, was the second restaurant opened in the chain and was located on 95th Street in Lenexa, Kansas.

3. Mi Ranchito, LLC #2, obtained food ingredients and products, such as meat, cheese, chips, and dairy products from Scavuzzo and Belfonte located in Kansas City, Missouri, which were used for food offered for sale at Mi Ranchito, LLC #2.

4. Mi Ranchito, LLC #2, prepared its own salsa, which was provided to customers within the restaurant, was included with "to go" orders, and was also

available for sale for consumption away from the restaurant.

5. Methomyl was a highly toxic compound introduced in 1966 as an insecticide for treatment of vegetable, fruit, and field crops, and in connection with poultry houses and dairies. Methomyl was effective as both a contact insecticide and systemic poisoning in target insects after absorption.

6. Methomyl-based pesticides were not produced, manufactured, nor formulated within the State of Kansas.

7. Defendant Arnoldo Bazan was employed at Mi Ranchito, LLC #4, located in Olathe, Kansas, until June 27, 2009.

8. Defendant Yini De La Torre was employed at Mi Ranchito, LLC #2, until August 30, 2009.

9. Defendants Arnoldo Bazan and Yini De La Torre were husband and wife.

## Count 1

10. The Grand Jury incorporates and re-alleges all of the matters set out in paragraphs 1 through 9 of the Introduction as though fully set forth at this point.

11. From on or about June 27, 2009, and continuing until on or about September 15, 2009, in the District of Kansas and elsewhere, the defendants,

> ARNOLDO BAZAN
> and
> YINI DE LA TORRE,

knowingly conspired and agreed together and with other persons known and unknown to the grand jury to tamper, with reckless disregard for, and under circumstances manifesting extreme indifference to, the risk another person would be placed in danger of death and bodily injury, with a consumer product, that being the salsa at Mi Ranchito,

LLC #2 restaurant located in Lenexa, Kansas, which product affected interstate commerce, by mixing the poisonous substance Methomyl into the salsa served to patrons at Mi Ranchito, and the defendants intentionally engaged in conduct in furtherance of the tampering.

**Purpose of Conspiracy**

12. The purpose of the conspiracy was to cause financial harm and loss to the owner of Mi Ranchito restaurant chain, which was accomplished through the intentional poisoning of patrons at Mi Ranchito, LLC #2, identified below. Defendant Arnoldo Bazan perceived the owner of the Mi Ranchito restaurant chain to be responsible for his suspension of employment and loss of a vehicle.

**Manner and Means**

13. Defendants Arnoldo Bazan and Yini De La Torre obtained a Methomyl-based pesticide to tamper with a consumer product, that being the salsa at Mi Ranchito, LLC #2.

14. Through defendant Yini De La Torre's employment at Mi Ranchito, LLC #2, she tampered with the consumer product of salsa at Mi Ranchito, LLC #2, by mixing the Methomyl-based pesticide into the salsa, as identified below.

**Overt Acts**

15. In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the defendants and conspirators, both indicted and unindicted, committed overt acts in the District of Kansas and elsewhere, including the following:

    a. On or about June 28, 2009, defendant Yini De La Torre departed the

United States to spend time with family in Mexico.

  b. From on or about July 1-28, 2009, defendant Arnoldo Bazan regularly followed, surveilled, and watched the owner of the Mi Ranchito restaurant chain.

  c. On or about July 14, 2009, defendant Yini De La Torre returned to the United States earlier than planned at the request of defendant Arnoldo Bazan.

  d. On or about August 7, 2009, correspondence from an anonymous individual was sent to the Mi Ranchito Internet website threatening harm if defendant Arnoldo Bazan's vehicle was not returned.

  e. On or about August 10, 2009, defendant Yini De La Torre intentionally placed Methomyl into the salsa at Mi Ranchito, LLC #2.

  f. On or about August 11, 2009, during the lunch-time rush, approximately twelve patrons at Mi Ranchito, LLC #2, suffered instant nausea, abdominal cramps, weakness, sweating, and chest discomfort after consuming salsa served by Mi Ranchito, LLC #2.

  g. On or about August 28, 2009, defendant Arnoldo Bazan threatened the owner of the Mi Ranchito restaurant chain through another family member, claiming "the worst is yet to come."

  h. On or about August 30, 2009, defendant Yini De La Torre intentionally placed Methomyl into the salsa at Mi Ranchito, LLC #2.

  i. On or about August 30, 2009, during dinner, approximately thirty-six patrons at Mi Ranchito, LLC #2, suffered instant nausea, abdominal cramps, weakness, sweating, and chest discomfort after consuming salsa served by Mi Ranchito, LLC #2.

  j. On or about August 30, 2009, defendant Yini De La Torre voluntarily

approached reporters at the scene of Mi Ranchito, LLC #2, hours after the patrons were transported to area hospitals, and stated the harm inflicted was due to the salsa.

    k.  On or about September 8, 2009, defendant Arnoldo Bazan instructed defendant Yini De La Torre to not speak with law enforcement or she would suffer physical harm.

    l.  As additional overt acts, the Grand Jury incorporates by this reference the allegations set forth in Counts 2 and 3 of the Indictment as though fully set forth at this point.

    16.  This was all in violation of Title 18, United States Code, Section 1365(e).

## Count 2

    17.  The Grand Jury incorporates and re-alleges all of the matters set out in paragraphs 1 through 9 of the Introduction as though fully set forth at this point.

    18.  On or about August 10, 2009, through on or about August 11, 2009, in the District of Kansas, the defendants,

> ARNOLDO BAZAN
> and
> YINI DE LA TORRE,

with reckless disregard for the risk that another person would be placed in danger of death and bodily injury, and under circumstances manifesting extreme indifference to such risk, tampered with a consumer product that affected interstate commerce, specifically salsa provided by Mi Ranchito, LLC #2, in Lenexa, Kansas, by mixing the poisonous substance Methomyl into the salsa served to patrons and offered for sale at Mi Ranchito, which caused serious bodily injury to those patrons.

    19.  This was all in violation of Title 18, United States Code, Sections 2 and

1365(a)(3).

## Count 3

20.  The Grand Jury incorporates and re-alleges all of the matters set out in paragraphs 1 through 9 of the Introduction as though fully set forth at this point.

21.  On or about August 30, 2009, in the District of Kansas, the defendants,

ARNOLDO BAZAN
and
YINI DE LA TORRE,

with reckless disregard for the risk that another person would be placed in danger of death and bodily injury, and under circumstances manifesting extreme indifference to such risk, tampered with a consumer product that affected interstate commerce, specifically salsa provided by Mi Ranchito, LLC #2, in Lenexa, Kansas, by mixing the poisonous substance Methomyl into the salsa served to patrons and offered for sale at Mi Ranchito, which caused serious bodily injury to those patrons.

22.  This was all in violation of Title 18, United States Code, Sections 2 and 1365(a)(3).

A TRUE BILL.


Dated: November 4, 2009                                              s/Foreperson
                                                                                      FOREPERSON


 s/Scott C. Rask, #15643 for
LANNY D. WELCH
United States Attorney
District of Kansas

1200 Epic Center  
301 North Main  
Wichita, Kansas 67202  
(316) 269-6481  
(316) 269-6484 (fax)  
Lanny.Welch@usdoj.gov  
Ks. S. Ct. No. 13267  

(It is requested that trial of the above captioned case be held in Kansas City, Kansas.)

Penalties:

    Ct. 1:        NMT 10 years imprisonment; NMT $250,000 or 2xgain or 2xloss fine; NMT 3 years supervised release; $100 special assessment

    Cts. 2-3:      NMT 20 years imprisonment; NMT $250,000 or 2xgain or 2xloss fine; NMT 3 years supervised release; $100 special assessment