IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No.  09-20135-02-KHV |
| YINI DE LA TORRE, ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's letter (Doc. #82), which the Court construes as a motion to re-sentence defendant. For reasons stated below, the Court overrules defendant's motion.

Defendant asks the Court to reconsider her sentence of 87 months in light of the sentence of Arnoldo Bazan, her ex-husband, of 120 months. A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996); 18 U.S.C. § 3582(c). Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1), (2); see Blackwell, 81 F.3d at 947-48. None of these exceptions apply here. Moreover, Rules 35 and 36 of the Federal Rules of Criminal Procedure clearly do not authorize a substantive modification of defendant's sentence at this time. See Blackwell, 81 F.3d at 947-48; Fed. R. Civ. P. 35 (authorizes re-sentencing to correct illegal sentence on remand from court of appeals, to reflect defendant's substantial assistance on

motion of the government, and to correct arithmetical, technical or other clear error within 14 days of sentencing); Fed. R. Civ. P. 36 (authorizes court to correct clerical-type errors). Finally, the Court does not have inherent authority to re-sentence defendant. See Blackwell, 81 F.3d at 949. For these reasons, the Court does not have jurisdiction to re-sentence defendant at this time.[1]

**IT IS THEREFORE ORDERED** that defendant's letter (Doc. #82) filed July 18, 2011, which the Court construes as a motion to re-sentence defendant, be and hereby is **OVERRULED**.

Dated this 16th day of August, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1] Defendant may be able to seek relief under 28 U.S.C. § 2255. The Tenth Circuit has cautioned district courts against re-characterizing a motion as a Section 2255 motion without the petitioner's consent because it could trigger a bar on a successive Section 2255 motion. See United States v. Apodaca, 90 Fed. Appx. 300, 303 (10th Cir. Jan. 30, 2004). The Court therefore declines to re-characterize defendant's present letter as a motion under Section 2255.